IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KIMBERLY A. CHARLES,                    :
                                        :
         Plaintiff                      :
                                        :
    vs.                                 :
                                        :        Jury Trial Demanded
MARCELLUS ENERGY SERVICES,              :
LLC,                                    :
                                        :
         Defendant                      :

## COMPLAINT

NOW COMES THE PLAINTIFF, Kimberly A. Charles, by and through her

counsel, Kimberly D. Borland, Esq., Borland & Borland, L.L.P., and makes the

following Complaint:

### I. JURISDICTION

1.      This action is authorized, initiated, founded upon, and arises under

the provisions of federal law, particularly Title VII of the Civil Rights Act of 1964,

as amended, specifically 42 U.S.C. §2000e-2(a) and 3(a); and the Pennsylvania

Human Relations Act, specifically 43 P.S. §955(a) and (d).  Declaratory relief is

sought under 28 U.S.C. §§2201 and 2202.

2.      The jurisdiction of this Court is invoked pursuant to the provisions of

28 U.S.C. §§1331 and 1343; 42 U.S.C. §2000e-2(a) and 3(a); as well as its

pendent jurisdiction over state law claims.

3.      The violations of Plaintiff's rights as alleged herein were committed

within the Middle District of Pennsylvania.

## II.   PARTIES

4.      Plaintiff Kimberly A. Charles is an adult female individual who resides at 367 Decker Ferry Road, Mt. Bethel, Northampton County, PA 18343.

5.      Defendant Marcellus Energy Services, LLC is a limited liability corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a registered address at 300 Arch Street, Williamsport, Lycoming County, Pennsylvania 17701, and with places of business at 447 Reighard Avenue, Williamsport, Lycoming County, Pennsylvania 17701 and 136 Catawissa Avenue, Williamsport, Lycoming County, Pennsylvania 17701.

6.      Defendant employs more than 100 individuals.

7.      At all times material hereto Defendant was, and is, engaged in an industry affecting interstate commerce.

## III.   ADMINISTRATIVE PREREQUISITES

8.      Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (EEOC) on or about September 6, 2012, alleging unlawful discrimination, harassment and retaliation on account of sex and protected activity, dual filed with the Pennsylvania Human Relations Commission (PHRC), against the Defendant.

9.      More than one year has passed since the filing of said Complaint and Plaintiff has received a notice of right to sue from the EEOC dated May 2, 2014.

## IV.    EQUITABLE RELIEF

10.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged and this suit for declaratory and injunctive relief is her only means of securing adequate relief.

## V.    JURY TRIAL DEMAND

11.    Plaintiff demands a trial by jury in this matter.

## VI.    FACTUAL ALLEGATIONS

12.    Plaintiff commenced employment at the Defendant's location at 447 Reighard Avenue, Williamsport, Lycoming County, Pennsylvania 17701 on or about January 23, 2012 as an admin/scale operator, until on or about March 30, 2012, when she was constructively discharged.

13.    Plaintiff was qualified to perform her work for Defendant.

14.    At times material hereto, Plaintiff performed her work for Defendant in a good, competent and workmanlike manner.

15.    Plaintiff did not receive disciplinary action while employed by Defendant.

16.    On March 11, 2012, Plaintiff was approached by Roger Wilson, who was then employed by Defendant at its 447 Reighard Avenue location as the 2nd shift warehouse supervisor.

17.    Mr. Wilson is about 6'6" in height and weighed then about 350 pounds.

18.     Mr. Wilson put his hand up to Plaintiff in a threatening manner and said to her "You need some black in you to straighten you out." (Mr. Wilson is African-American and Plaintiff is not.)

19.     Mr. Wilson then said to Plaintiff "Are your knees getting weak?" in a sexual fashion.

20.     Mr. Wilson then tried to touch Plaintiff's hand and then grabbed at her hair.

21.     Mr. Wilson then said he was going to prostitute Plaintiff out and be her pimp.

22.     The above described conduct of Mr. Wilson toward the Plaintiff was unwelcome by her, and was severe and pervasive.

23.     The above described conduct of Mr. Wilson toward the Plaintiff caused her great upset and distress.

24.     The above described conduct of Mr. Wilson toward the Plaintiff was such that it would have caused a reasonable person great upset and distress.

25.     The following day, March 12, 2012, Plaintiff made a formal, written complaint of sexual harassment to Defendant.

26.     Defendant took no effective remedial action with respect to Plaintiff's complaint of sexual harassment.

27.     Upon receiving Plaintiff's complaint of sexual harassment, Robert Beavers, director of operations for Defendant, told Plaintiff she could quit or be fired.

28.    On March 13, 2012, Mr. Beavers directed Mr. Wilson to speak to Plaintiff.

29.    On March 13, 2012, Mr. Wilson, unaccompanied by any other member of Defendant's management, approached Plaintiff, cornered her and proceeded to attempt to speak to her.

30.    On this occasion, Plaintiff declined to speak with Mr. Wilson and asked him to leave her alone.

31.    Mr. Wilson tried again to speak with Plaintiff and she again told him to leave her alone.

32.    Upon Mr. Wilson's departure, Jason DeWitt, Plaintiff's immediate supervisor, came into the office where Plaintiff was and told her that he couldn't believe that Mr. Beavers had sent Mr. Wilson in to talk to her  and that it was "f'ed up" that Mr. Beavers did that.

33.    Mr. Wilson had earlier sexually harassed other female employees of Defendant while in its employ with speech and unwelcome physical contact in the nature of kissing.

34.    Mr. Wilson's sexually harassing conduct and speech, prior to his harassment of Plaintiff, was open, notorious and well known to Defendant.

35.    Prior to Mr. Wilson's sexual harassment of Plaintiff, Defendant took no effective remedial action with respect to Mr. Wilson's sexual harassment of other female employees.

Case 4:14-cv-01403-CCC   Document 1   Filed 07/21/14   Page 6 of 19

36.     The above described conduct by both Mr. Wilson and Mr. Beavers toward the Plaintiff caused her great upset and distress.

37.     A few days following March 11, 2012, Mr. DeWitt told Plaintiff that he was aware before March 11, 2012 that Mr. Wilson had earlier sexually harassed other female employees.

34.     While Mr. Wilson did not work the same shift as Plaintiff after March 13, 2012, Plaintiff did continue to see him during the shift change which caused her to continue to be intimidated.

35.     Mr. Wilson continued to attempt to speak to Plaintiff.

36.     On or about March 30, 2012, there was a workplace disagreement between Plaintiff and co-employee Paula Follmer.

37.     Plaintiff was not at fault, engaged in no misconduct and violated no rule or policy of Defendant with respect to the March 30, 2012 work place disagreement with Paula Follmer.

38.     The disagreement came to the attention of Mr. DeWitt.

39.     Mr. Dewitt was aware of Plaintiff's March 12, 2012 written complaint of sexual harassment.

40.     On March 30, 2012, Mr. DeWitt told Plaintiff, "You are on thin ice. With you it's always one thing after another," which was in reference to Plaintiff's March 12, 2012 complaint of sexual harassment.

41.     Mr. DeWitt then told Plaintiff, "You can resign or eventually get fired."

42.    Mr. DeWitt gave Plaintiff the "quit or be fired" ultimatum in consequence of her March 12, 2012 complaint of sexual harassment and acted with retaliatory intent.

43.    In the face of the "quit or be fired" ultimatum and the ineffective response to her March 12, 2012 complaint of sexual harassment, Plaintiff resigned her employment with Defendant on March 30, 2012.

44.    The harassment and retaliation was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and created a severely abusive working environment, such that Plaintiff's working conditions were so intolerable that a reasonable person would have felt compelled to resign.

45.    Plaintiff's resignation constituted a constructive discharge.

46.    On March 30, 2012, with regard to Plaintiff's constructive discharger, Mr. Beavers communicated by e-mail to Jonathan Lord, regional operations manager for Defendant, "Good deal. too much drama from her. Thx.", which was in reference to Plaintiff's March 12, 2012 complaint of sexual harassment.

47.    On account of the Defendant's unlawful conduct as aforesaid, the Plaintiff has suffered monetary losses, including loss of earnings and employee benefits, as well as severe emotional distress, humiliation, personal indignity, emotional pain, shame embarrassment and anxiety, and other compensatory and consequential damage.

48.     The actions taken by the Defendant as described herein were willful, deliberate, intentional, reckless, outrageous and performed with an extreme indifference to the rights of the Plaintiff.

## COUNT I

## CIVIL RIGHTS ACT OF 1964

## 42 U.S.C. §2000e-2(a)

## Sexual Harassment

49.     Paragraphs 1 through 48 of this Complaint are incorporated herein by reference as though set forth in full.

50.     The conduct of the Defendant, by and through its agents, servants, and employees, subjected Plaintiff to hostile environment sexual harassment.

51.     The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment with the Defendant and were carried out by the Defendant and its agents, servants, and employees.

52.     The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of Plaintiff's sex.

53.      Plaintiff suffered damages in the form of monetary losses, including loss of earnings and employee benefits, as well as severe emotional distress, humiliation, personal indignity, emotional pain, shame embarrassment and anxiety, and other compensatory and consequential damage. on account of this hostile environment sexual harassment and is entitled to an award of compensatory and punitive damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a)     That this Court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

(b)     That this Court permanently enjoin the Defendant from engaging in the sexual harassment of its employees;

(c)     That this Court permanently enjoin the Defendant from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

(d)     That this Court order the Defendant to pay to Plaintiff back pay and front pay;

(e)     That this Court order the Defendant to pay to Plaintiff compensatory damages;

(f)     That this Court order the Defendant to pay the Plaintiff punitive damages;

(g)     That this Court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(h)     That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this Court and applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

(i)   That this Court order such other and further relief as may be just and equitable.

## COUNT II

## CIVIL RIGHTS ACT OF 1964

## 42 U.S.C. §2000e-2(a)

## Sexual Harassment

## Constructive Discharge

54.   Paragraphs 1 through 53 of this Complaint are incorporated herein by reference as though set forth in full.

55.   The Defendant gave Plaintiff a "quit or be fired" ultimatum on account of her gender, being female.

56.   The harassment and retaliation was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and created a severely abusive working environment, such that Plaintiff's working conditions were so intolerable that a reasonable person would have felt compelled to resign.

57.   Plaintiff's resignation constituted a constructive discharge. Plaintiff suffered damages in the form of monetary losses, including loss of earnings and employee benefits, as well as severe emotional distress, humiliation, personal indignity, emotional pain, shame embarrassment and anxiety, and other compensatory and consequential damage. on account of this hostile environment sexual harassment and is entitled to an award of compensatory and punitive damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a)     That this Court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Title VII of the Civil Rights Act of 1964;

(b)     That this Court permanently enjoin the Defendant from engaging in the sexual harassment of its employees;

(c)     That this Court permanently enjoin the Defendant from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

(d)     That this Court order the Defendant to pay to Plaintiff back pay and front pay;

(e)     That this Court order the Defendant to pay to Plaintiff compensatory damages;

(f)     That this Court order the Defendant to pay the Plaintiff punitive damages;

(g)     That this Court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(h)     That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this Court and applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

(i)     That this Court order such other and further relief as may be just and equitable.

## COUNT III
## CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. §2000e-3(a)
## Retaliation

### Constructive Discharge

58.     Paragraphs 1 through 57 of the Complaint are incorporated by reference herein as though set forth in full.

59.     The actions described herein were in violation of the civil rights of Plaintiff and were committed by Defendant in retaliation for her protected activity.

60.     The Defendant gave Plaintiff a "quit or be fired" ultimatum in retaliation for her report of the hostile environment sexual harassment described above.

61.     Plaintiff's resignation constituted a constructive discharge. Plaintiff suffered damages in the form of monetary losses, including loss of earnings and employee benefits, as well as severe emotional distress, humiliation, personal indignity, emotional pain, shame embarrassment and anxiety, and other compensatory and consequential damage, on account of this hostile environment sexual harassment and is entitled to an award of compensatory and punitive damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a)    That this Court declare that the practices in which the Defendant has engaged are retaliatory and in violation of Title VII of the Civil Rights Act of 1964;

(b)    That this Court permanently enjoin the Defendant from retaliating against its employees for engaging in protected activity;

(c)    That this Court order the Defendant to pay to Plaintiff back pay and front pay;

(d)    That this Court order the Defendant to pay to Plaintiff compensatory damages;

(e)    That this Court order the Defendant to pay the Plaintiff punitive damages;

(f)    That this Court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g)    That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this Court and applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

(h)    That this Court order such other and further relief as may be just and equitable.

## COUNT IV

## PENNSYLVANIA HUMAN RELATIONS ACT

## 43 P.S. §955(a)

## Sexual Harassment

62.     Paragraphs 1 through 61 of this Complaint are incorporated herein by reference as though set forth in full.

63.     The conduct of the Defendant, by and through its agents, servants, and employees, subjected Plaintiff to hostile environment sexual harassment.

64.     The actions described herein were in violation of the civil rights of Plaintiff, occurred during the course of Plaintiff's employment with the Defendant and were carried out by the Defendant and its agents, servants, and employees.

65.     The actions described herein in violation of the civil rights of the Plaintiff were committed by the Defendant because of Plaintiff's sex.

66.     Plaintiff suffered damages in the form of monetary losses, including loss of earnings and employee benefits, as well as severe emotional distress, humiliation, personal indignity, emotional pain, shame embarrassment and anxiety, and other compensatory and consequential damage. on account of this hostile environment sexual harassment and is entitled to an award of compensatory damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a) That this Court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Pennsylvania Human Relations Act;

(b) That this Court permanently enjoin the Defendant from engaging in the sexual harassment of its employees;

(c)    That this Court permanently enjoin the Defendant from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

(d)    That this Court order the Defendant to pay to Plaintiff back pay and front pay;

(e)    That this Court order the Defendant to pay to Plaintiff compensatory damages;

(f)    That this Court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g)    That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this Court and applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

(h)    That this Court order such other and further relief as may be just and equitable.

## COUNT V

## PENNSYLVANIA HUMAN RELATIONS ACT

### 43 P.S. §955(a)

### Sexual Harassment

### Constructive Discharge

67.    Paragraphs 1 through 66 of this Complaint are incorporated herein by reference as though set forth in full.

68.     The Defendant gave Plaintiff a "quit or be fired" ultimatum on account of her gender, being female.

69.     The harassment and retaliation was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and created a severely abusive working environment, such that Plaintiff's working conditions were so intolerable that a reasonable person would have felt compelled to resign.

70.     Plaintiff's resignation constituted a constructive discharge. Plaintiff suffered damages in the form of monetary losses, including loss of earnings and employee benefits, as well as severe emotional distress, humiliation, personal indignity, emotional pain, shame embarrassment and anxiety, and other compensatory and consequential damage. on account of this hostile environment sexual harassment and is entitled to an award of compensatory damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a)   That this Court declare that the practices in which the Defendant has engaged are discriminatory and in violation of Pennsylvania Human Relations Act;

(b)   That this Court permanently enjoin the Defendant from engaging in the sexual harassment of its employees;

(c)   That this Court permanently enjoin the Defendant from discriminating against its employees on the basis of sex with regard to the terms and conditions of employment;

(d)     That this Court order the Defendant to pay to Plaintiff back pay and front pay;

(e)     That this Court order the Defendant to pay to Plaintiff compensatory damages;

(f)     That this Court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(g)     That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this Court and applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

(h)     That this Court order such other and further relief as may be just and equitable.


## COUNT VI
## PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. §955(d)
## Retaliation

### Constructive Discharge

71.     Paragraphs 1 through 70 of the Complaint are incorporated by reference herein as though set forth in full.

72.     The actions described herein were in violation of the civil rights of Plaintiff and were committed by Defendant in retaliation for her protected activity.

73.     The Defendant gave Plaintiff a "quit or be fired" ultimatum in retaliation for her report of the hostile environment sexual harassment described above.

74.     Plaintiff's resignation constituted a constructive discharge. Plaintiff suffered damages in the form of monetary losses, including loss of earnings and employee benefits, as well as severe emotional distress, humiliation, personal indignity, emotional pain, shame embarrassment and anxiety, and other compensatory and consequential damage, on account of this hostile environment sexual harassment and is entitled to an award of compensatory damages.

**WHEREFORE**, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a) That this Court declare that the practices in which the Defendant has engaged are retaliatory and in violation of the Pennsylvania Human Relations Act;

(b)     That this Court permanently enjoin the Defendant from retaliating against its employees for engaging in protected activity;

(c)     That this Court order the Defendant to pay to Plaintiff back pay and front pay;

(d)     That this Court order the Defendant to pay to Plaintiff compensatory damages;

(e)     That this Court order the Defendant to pay to Plaintiff reasonable attorneys' fees and the costs of this action;

(f)     That this Court retain jurisdiction over this action to ensure full compliance with the Orders of this Court and applicable laws and require Defendant to file such reports as this Court deems necessary to evaluate such compliance; and,

(g)     That this Court order such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

Borland & Borland, L.L.P.

By:     /s/ Kimberly D. Borland_____
KIMBERLY D. BORLAND, ESQUIRE
11th Floor, 69 Public Square
Wilkes-Barre, PA 18701
(570) 822-3311
(570) 822-9894 (Fax)
Attorney ID.#23673
Attorney for Plaintiff
kborland@borlandandborland.com