# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY A. CHARLES,** | : | **CIVIL ACTION NO. 4:14-CV-1403** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **MARCELLUS ENERGY SERVICES, LLC,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER AND JUDGMENT**

AND NOW, this 10th day of August, 2015, upon consideration of the motion (Doc. 10) for default judgment filed by plaintiff Kimberly A. Charles ("Charles"), and it appearing that the summons and complaint were served on defendant Marcellus Energy Services, LLC, ("Marcellus"), by process server on November 29, 2014, (see Doc. 7), but that, as of the date of this order, Marcellus has not pled, see FED. R. CIV. P. 12 (stating that defendants "must serve an answer . . . within 21 days after being served with the summons and complaint"), and has not otherwise defended itself in the above-captioned litigation,[1] and it further appearing that, on motion (Doc. 8) by Charles, the Clerk of Court entered default (Doc. 9) against Marcellus on February 20, 2015, see FED. R. CIV. P. 55(a) (directing the Clerk to enter default when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or

---

[1] Nor has counsel entered an appearance on behalf of Marcellus. Given its corporate status, Marcellus cannot proceed *pro se* before this court. See Lawson v. Nat'l Continental-Progressive Ins. Co., 347 F. App'x 741, 742 (3d Cir. 2009) ("[A] corporation . . . cannot proceed as a *pro se* litigant," nor may "a non-attorney represent the interests of a corporation in federal court.") (citing Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993)).

otherwise"), and the court having previously concluded that entry of default judgment as to liability upon the instant motion is appropriate, (see Doc. 11), but having deferred the issue of damages pending submission of evidentiary support by Charles, see FED. R. CIV. P. 55(b)(2) ("The court may conduct hearings [if] it needs to . . . determine the amount of damages."), and the court concluding that Charles' subsequent request for damages (Doc. 13), accompanied by affidavits and other evidentiary support, sufficiently establishes the amount of damages, costs, and attorneys' fees requested therein, see Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007) (holding that further inquiry is unnecessary when movant's evidence of damages and fees is unopposed and unambiguous), and the court noting that "a default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings, see FED. R. CIV. P. 54(c), it is hereby ORDERED that:

1. Charles' motion (Doc. 10) for default judgment is GRANTED.

2. Judgment is ENTERED in favor of plaintiff Kimberly A. Charles and against defendant Marcellus Energy Services, LLC, in the following amounts:

    a. $425,781.27 in back pay, front pay, and compensatory damages;
    b. $24,086.00 in attorneys' fees; and
    c. $486.90 in costs.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania